UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-7602-GW-SKx | Date | October 25, 2023 |
|---|---|---|---|
| Title | *David Perrigo v. Northrop Grumman Corp., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:            Attorneys Present for Defendants:

None Present                                         None Present

**PROCEEDINGS (IN CHAMBERS):**   **ORDER VACATING HEARING; DENYING MOTION TO REMAND ACTION TO STATE COURT**

Plaintiff David Perrigo ("Plaintiff") filed a motion to remand this action to Santa Barbara County Superior Court, setting it for hearing on October 30, 2023. That hearing is vacated. *See* C.D. Cal. L.R. 7-15. The motion is denied for the reasons expressed below.

The principal basis for Plaintiff's motion is that removal was allegedly untimely. That is not correct. The original Complaint in the action did not reveal all material necessary for the case to be removed on the basis of diversity jurisdiction (the basis for the removal here, *see* Notice of Removal ¶¶ 5, 10-17). It contained no damages figure, and it spoke to only the *principal places of business* of the two named defendants, Northrop Grumman Corporation and Bechtel International Corporation (and only that Plaintiff was a "resident" of California, though *citizenship* is the necessary consideration, *see, e.g.*, *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).[1] *See* Complaint ¶¶ 1-3. Plaintiff's motion papers seem to not quite appreciate that corporations have *dual* citizenship,[2] so an allegation as to only *one* of those bases for citizenship does not fully set forth such an entity's citizenship. Without information as to *both* of the dual citizenships of such a party (which may – though not true here – wind up being the same state), the Court cannot confirm that complete diversity exists.

---

[1] This, of course, does not mean that any defendant was unable to attempt to remove and to make the necessary showings. It only relates to whether the 30-day clock in which to do so began upon service of the Complaint. It did not, as explained above.

[2] *See* Docket No. 14, at 3:6-10, 4:13-28; Docket No. 19, at 2:9-11, 3:15-19 & n.2, 3:21-4:4. For instance, it is not true that " 'place of incorporation' and 'place of business' *can* both define any state where a corporation resides." Docket No.19, at 3 n.2 (emphasis added). They both *do* "define" that fact, simultaneously, not alternatively.

|  | : |
|---|---|
| Initials of Preparer | JG |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-7602-GW-SKx | Date | October 25, 2023 |
|---|---|---|---|
| Title | *David Perrigo v. Northrop Grumman Corp., et al.* | | |

Thus, in combination with the lack of information on the face of the Complaint about the amount put in-controversy by the Complaint, the Complaint itself did not display a basis for removal founded upon diversity.

  Defendants are under no compulsion to do their own investigation or to voluntarily come forward with information that clarifies that there is a basis for removal when it is missing from the four corners of a complaint. *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) ("[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry. Thus, the first thirty-day requirement is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is 'not removable' at that stage."). The defendants' motion papers correctly recognize this rule. As such, whatever information the two named defendants *could have* produced in order to demonstrate that there was, in fact, a basis for diversity jurisdiction is irrelevant to the question of when the 30-day clock began.

  Removal occurred on September 13, 2023, by Bechtel National, Inc. (which indicated it had been erroneously sued as Bechtel International Corporation). Bechtel National, Inc. ("BNI") tied the alleged timeliness of its removal to it having been notified by its co-defendant, on August 14, 2023, that Northrop Grumman Systems Corporation ("NGSC"), which had erroneously been sued as Northrop Grumman Corporation, was a citizen of Delaware and Virginia. *See* Notice of Removal ¶¶ 7-8, 21. This information *may* have kick-started the second 30-day period for removal under 28 U.S.C. § 1446(b) (though that issue is neither here-nor-there because there is no question that a September 13 removal is within 30 days of August 14).[3]

  Plaintiff has not identified anything other than service of the initial Complaint that he contends put either of the defendants on notice of all of the conditions required for diversity (or any other type of) jurisdiction more than 30 days before the September 13 removal. Whether or not BNI (as opposed to the other Bechtel entity actually named in the original Complaint) could be considered a proper defendant in the action prior to its September 13 removal, if no grounds for removal were made known to *any* possible defendant more than 30 days prior to September 13, the "correct defendant" issue need not be addressed or resolved (at least for present purposes).

---

[3] This awareness, of course, still does not account for information shown to the removing defendant demonstrating that the minimum amount in controversy was met for the case (or when, if ever, that occurred). In the Notice of Removal, BNI simply stated that it was its "understanding that Plaintiff will claim more than $75,000 in past medical expenses alone." Notice of Removal ¶ 16. BNI does not clarify how it came about that "understanding," whether it was because it was presented with a "paper," or, if so, when that occurred.

| | : |
|---|---|
| Initials of Preparer | JG |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-7602-GW-SKx | Date | October 25, 2023 |
|---|---|---|---|
| Title | *David Perrigo v. Northrop Grumman Corp., et al.* | | |

That leaves only the question of joinder. Along with its Notice of Removal, BNI attached an August 14, 2023, email from counsel for NGSC indicating that NGSC "consents to the removal."[4] Notice of Removal, Exh. D. Although the Notice of Removal itself does not highlight the consent aspect of that email, and it was introduced only by way of an attached declaration from BNI's counsel, *see* Declaration of Lisa Herme (Docket No. 1, at pg. 9 of 44), ¶ 6, the existence of that August 14, 2023, email communication *was* referenced in the Notice of Removal, ¶¶ 7-8.

Plaintiff asserts that what was required from NGSC "was either a timely joinder to the notice or a formal concurrence." Docket No. 14, at 7:8-10. Plaintiff presents no controlling authority indicating that what occurred here by way of consent/joinder was inappropriate or insufficient. A defendant that is not itself the primary removing defendant need not submit a separate written notice formally indicating its joinder to the removal. *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1224-25 (9th Cir. 2009). Instead, only one attorney of record needs to "sign the notice [of removal] and certify that the remaining defendants consent to removal." *Id.* at 1225. From the Court's own research, no published Ninth Circuit decision appears to have elaborated on, or developed further, the rule *Proctor* adopts in this Circuit.

The only thing arguably missing here in this regard is a statement by BNI's counsel within the 23-paragraph primary notice of removal document (exhibits excepted) mentioning consent or joinder. BNI asserts that the Notice of Removal as a whole "contained *an averment of NGSC's consent* to Removal as is evidenced by counsel for NGSC's email to counsel for Bechtel consenting to removal." Docket No. 17, at 7:11-14 (emphasis added). But the Notice of Removal does not contain an averment *by BNI's counsel* – the counsel signing the Notice of Removal, and therefore the one subject to Rule 11 sanctions for any falsehood in this regard – with respect to the co-defendant's consent/joinder. *See Proctor*, 584 F.3d at 1225. However, as made by clear by its filing of a motion to dismiss on September 20, 2023, *see* Docket No. 9, the non-removing defendant was given *notice* of BNI's removal, and this additional consideration supported the Ninth Circuit's ultimate conclusion in *Proctor*. *See Proctor*, 584 F.3d at 1225 ("[T]he other co-defendants were notified of the removal notice and had an opportunity to object to it. These two considerations – the availability of sanctions and of objection – mitigate concerns that one defendant might falsely state the other defendants' consent, or that one defendant might game the system by silently allowing another to remove and, if the federal forum proves disadvantageous, belatedly object that he had not consented.").

Plaintiff's motion papers – both his opening brief and, after the two defendants raised the cases

---

[4]Plaintiff offers no contention that NGSC is *not* the proper defendant as opposed to the originally-named "Northrop Grumman Corporation."

| | : | |
|---|---|---|
| | Initials of Preparer | JG |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-7602-GW-SKx | Date | October 25, 2023 |
|---|---|---|---|
| Title | *David Perrigo v. Northrop Grumman Corp., et al.* | | |

in their Oppositions, his Reply brief – completely ignore both *Harris* and *Proctor*. His Reply brief also fails to discuss the fact that the email attached to BNI's Notice of Removal (and NGSC's consent therein) appears in an exhibit to that document, nor the fact that the main Notice of Removal document itself does not contain any *averment* by BNI's counsel as to NGSC's consent/joinder. Instead, Plaintiff's Reply leads with (and then later returns to) the belief that the initial Complaint revealed, on its face, a basis for removal, and asserts that the Court need not consider anything else in order to grant the motion. As explained above, that contention is plainly incorrect. As such, Plaintiff has not given the Court any reason to conclude that the removal effected here was not fully-consistent with the procedure and timing rules discussed in *Harris* and *Proctor*.

Under the foregoing analysis, the Court has no need to consider the propriety, timeliness or completeness of NGSC's separate removal on September 28, 2023. *See* Docket No. 12. The motion to remand is denied and the October 30 hearing is vacated.

It is so ordered.

:

Initials of Preparer    JG